FILED

2012 Dec-12  AM 10:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DIVISION OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ABUDULKARIM ALNAJDI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:11-cv-1162-TMP |
| | ) | |
| SERRA CHEVROLET, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This cause is before the court on the motion for partial summary judgment (doc. 21) filed May 7, 2012, by the defendant, Serra Chevrolet ("Serra"). Defendant seeks dismissal of the plaintiff's claim of retaliation under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Plaintiff has not filed a response or opposition to the motion.

## SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party asking for summary judgment "always bears the initial responsibility of informing the district court

of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)).  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U.S. at 322-23.  There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." Id. at 323.

Once the moving party has met his burden, Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Id. at 324 (quoting former Fed. R. Civ. P. 56(e)).  The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. Celotex, 477 U.S. at 324.  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th

Cir. 1988).  Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor.  Anderson, 477 U.S. at 255.  The non-movant need not be given the benefit of every inference but only of every reasonable inference.  Brown v. City of Clewiston, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## FACTS

For purposes of determining the defendant's motion for partial summary judgment, the following facts are undisputed, or taken in the light most favorable to the non-moving plaintiff:

The plaintiff, Abdulkarim Alnajdi, was born in Iraq, but he has lived in the United States since 1995 and holds a permanent resident alien "green card."  For approximately ten years, Alnajdi has been employed as a car salesman.  On February 5, 2007, Alnajdi was hired as a salesman at Serra Mitsubishi, during which time, he was supervised by Ray Busler ("Busler").  Serra owns a number of dealerships in the Birmingham area and Busler has been employed by Serra at various locations.  Alnajdi was employed at Serra Mitsubishi until he voluntarily left his position on May 2, 2007.

After a period of employment at another local car dealership, Alnajdi returned to work for Serra at the Chevrolet dealership.  Alnajdi's employment at Serra Chevrolet

began on May 7, 2009, and he was again supervised by Busler.  Alnajdi often argued with

Busler during his employment at Serra Chevrolet.  Busler called Alnajdi names such as

"sand nigger" and "camel jockey" prior to his termination.

On June 25, 2009, Busler scheduled a training meeting for all of the salesmen at

the Chevrolet dealership.  Alnajdi told Busler he had an appointment with a client during

the meeting.  Alnajdi testified that he attended the morning meeting and left afterward to

meet with his customer.  In Busler's affidavit, he states that Alnadji "argued" with him

and told him that he would not attend the training meeting.  Later that same day, Busler

decided to terminate Alnajdi, and he testified by affidavit that his decision was based

upon Alnajdi "being insubordinate and refusing to attend the training meeting."  Busler

again called him derogatory names based on his race, religion, and national origin, telling

him that he did not deserve to be in this country and that he should return to Iraq.[1]

After he was terminated, Alnajdi complained about the derogatory comments to

Kevin Serra, a Serra employee.[2]  Busler has testified, without dispute, that he had no

knowledge that Alnadji made any complaints about any discriminatory treatment before

---

[1]     In both his complaint and deposition, Alnajdi states that the use of these derogatory names was not limited to Busler.  Alnajdi claims that one co-worker by the name of Thomas said: "If I were a soldier, I would kill every Iraqi."

[2]     Although the complaint asserts that, "[d]uring the time leading up to his firing ... Alnadji had asserted his protected rights," he has provided no factual basis for any claim that he engaged in any protected activity prior to his termination.  The evidence supplied by defendant, which indicates that Alnadji made his complaints known to a supervisor only after his termination, therefore stands undisputed.  The conclusory allegation in the complaint that plaintiff "asserted his protected rights" fails to allege factual content, rather than a legal conclusion, and it certainly is not *evidence* sufficient to show a genuine dispute of fact.

he was terminated.   Busler further stated that the decision to terminate Alnajdi's

employment was solely his, and he did not discuss the decision with anyone else.   In his

affidavit, Busler claims that Alnajdi was terminated solely for insubordination and refusal

to attend a training meeting in violation of Serra Chevrolet's policy.

Alnadji filed a charge of employment discrimination with the EEOC within eight

days of his termination.   A Notification of Right to Sue was issued by the EEOC on

December 29, 2010, which he received on or about January 3, 2011.[3]   Alnajdi complied

with all conditions precedent to a Title VII case and to jurisdiction under 42 U.S.C.

§ 2000e-5(f)(3).   On April 1, 2011, within 90 days after receiving the "Right to Sue"

letters, Alnajdi filed the current action against his former employer, alleging that Serra

engaged in discriminatory employment practices and retaliated against him.   The

complaint sets forth only one "legal cause of action," but describes therein claims arising

under Title VII for "national origin discrimination" and "race discrimination."[4]   He

further asserts that his termination was "retaliatory in nature," and that he also was

retaliated against after the termination because the defendant "contacted" other dealers

---

[3]     The exact date that the plaintiff received the notice to sue is not clear in the complaint, however, the Notice from the EEOC, included as an appendix to the complaint, notes a mailing date of December 29, 2010.

[4]     Although the complaint hints at religious discrimination as well, it never explicitly alleges that theory, nor does it even identify plaintiff's religion.   The court concludes that the complaint does not attempt to allege a claim for discrimination based on religion.

and "suggested they not consider hiring him."[5]   The defendant filed the instant motion

for partial summary judgment, seeking dismissal of one claim: plaintiff's claim that his

firing was retaliatory.


## DISCUSSION

Defendant seeks summary adjudication of plaintiff's claim of retaliatory discharge

in violation of Title VII. Defendant asserts that Plaintiff is unable to offer evidence to

meet the elements required to prove a *prima facie* case of Title VII retaliation and,

further, that he cannot show that Serra's proffered reason for plaintiff's termination is

pretext.  Plaintiff has not filed any evidence or argument in opposition to the motion.

In order to survive a properly supported motion for summary judgment, the

plaintiff in a Title VII retaliation case must establish a *prima facie* case by showing: (1)

that he engaged in protected conduct and (2) suffered an adverse employment action that

was (3) causally connected to the protected expression.  Bolivar v. University of Georgia

Survey and Research, slip op. No. 3:11-CV-24, 20012 WL 4928893 *8 (M.D. Ga. Oct.

---

[5]     The plaintiff's complaint alleges two forms of retaliation: his termination and contacts with other dealerships made by Serra after the termination to interfere with his efforts to seek employment.  Although plaintiff filed no response to the motion for partial summary judgment, the motion itself focuses exclusively on the retaliatory termination and says nothing about the latter form of retaliation. Because the party moving for summary judgment has the initial burden of showing the absence of genuine issues of material fact, Serra had the burden of showing that no evidence existed in the record suggesting that it had contacted other dealerships about plaintiff. Absent Serra making that initial showing, the plaintiff was not required to come forward with any evidence on that theory.  Accordingly, plaintiff's theory of retaliatory interference with post-termination employment seeking remains unchallenged by this motion.

16, 2012); Taylor v. Runyon, 175 F.3d 861, 868 (11th Cir. 1999).  In addition, the

plaintiff must show that his employer was aware of his participation in the protected

activity when it took the adverse action.  Maniccia v. Brown, 171 F.3d 1364, 1369 (11th

Cir. 1999).  The causal link element of the *prima facie* case requires more than some

abstract knowledge of the protected activity by the "employer"; rather, the decisionmaker

must be aware that plaintiff has engaged in protected Title VII activity.  As the court of

appeals has explained:

> To establish a prima facie case of retaliation under Title VII, [plaintiff] had
> to show that (1) he engaged in statutorily protected expression, (2) he
> suffered an adverse employment act, and (3) some causal connection
> existed between the two events.  Pennington v. City of Huntsville, 261 F.3d
> 1262, 1266 (11th Cir.2001).  About the third part, Godby had to show (1)
> that the *decisionmakers* were aware of the protected conduct and (2) that the
> protected activity and the adverse act were not wholly unrelated.  Shannon
> v. Bellsouth Telecomm., Inc., 292 F.3d 712, 716 (11th Cir.2002) (quotation
> and citation omitted).

Godby v. Marsh USA, Inc., 346 F. App'x 491, 493 (11th Cir. 2009) (italics added for

emphasis).  The plaintiff has the obligation to show a causal connection by showing "that

the decisionmakers were aware of the protected activity and the adverse activity and the

adverse action were not wholly unrelated."  Bass v. Board of County Comm'rs., Orange

County, 256 F.3d 1095, 1119 (11th Cir. 2001) (overturned on other grounds).  The causal

link requirement is to be construed broadly, and the Eleventh Circuit Court of Appeals

has stated that "a plaintiff need only show that the protected activity and the adverse

action were not wholly unrelated." Brungart v. Bellsouth Telecommunications, Inc., 231

F.3d 791, 799 (11th Cir. 2000) (quoting Clover v. Total System Services., Inc., 176 F.3d

1346, 1354 (11th Cir. 1999).).   However, to meet even this low threshold of proof of

causation, the plaintiff must offer some evidence from which a jury could infer that the

protected activity caused the adverse employment action.   Absent knowledge of the

protected activity by the decisionmaker, it cannot be rationally inferred that the decision

made was the product of retaliation for having engaged that activity.   A person cannot

respond to something he is unaware of.  It is this third element of the *prima facie* case for

which Alnajdi fails to meet his burden.

While Alnajdi has presented evidence that could be viewed as direct evidence of

*discrimination*, there is no evidence that Alnajdi engaged in any protected activity until

after he was fired.  The scant evidence before the court shows that derogatory remarks

were made toward plaintiff by both Busler and another employee (Thomas), but there is

no evidence that plaintiff ever complained about these remarks or otherwise took steps to

protest or oppose them until *after* he was terminated.   There is no evidence that he

complained to Busler about Busler's own remarks to him.  Even if Alnadji did make some

sort of complaint prior to the firing (and there is no evidence that he did), Busler's

affidavit testimony to the effect that he did not know of any such protected activity at the

time that he fired Alnadji remains undisputed.  Alnajdi therefore has no evidence of any

causal connection between any protected activity by him and his termination.

Furthermore, even if Alnajdi could support his claim that there is a causal connection between a protected activity and the termination, Serra has offered a legitimate, non-retaliatory reason for the firing: that Alnadji was insubordinate in arguing about the mandatory training meeting and/or failing to attend.[6]  Once the defendant set forth a non-retaliatory reason for the termination, the plaintiff has the burden of demonstrating that the reason is pretext.  Because he has failed to respond to the motion in any way, he has failed to produce any evidence of pretext.

Therefore, on these undisputed facts, Alnajdi has not met  burden of establishing a *prima facie* case of retaliation with respect to his termination, nor has he shown that the non-retaliatory reason given for the termination is pretext.  Accordingly, the defendant's motion for partial summary judgment is due to be granted with respect to plaintiff's retaliatory-termination claim.

## CONCLUSION

Accordingly, consistent with the foregoing discussion of the evidence presented and the Eleventh Circuit Court of Appeals case law, and in light of Alnajdi's failure to establish a *prima facie* case of retaliatory termination, this court determines that Serra's

---

[6]     For purposes to the partial summary judgment motion, the court has accepted as true Alnajdi testimony that he attended the training session.  However, Busler's affidavit makes clear that he believed that plaintiff had not attended the training session when he made the decision to terminate him.  Plaintiff has not attempted to dispute the truthfulness of Busler's testimony that he *believed* plaintiff had not attended the training session when he made the decision.  Even if Busler was mistaken about plaintiff's attendance, there is no evidence that Busler did not believe it to be true.

motion for partial summary judgment against Alnajdi with respect to his claim of

retaliatory termination is due to be GRANTED, and the retaliatory-termination claim is

due to be DISMISSED WITH PREJUDICE.[7]

A separate order will be entered in accordance with the findings set forth herein.

DATED the 11th day of December, 2012.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE

---

[7]     To be clear, Alnajdi's claim that Serra retaliated by contacting other dealerships to suggest
they not hire plaintiff remains a viable claim in the case.